```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**SCOTT THOMAS HAZEL,**

                      Plaintiff,

                                          CIVIL ACTION
        vs.                                  No. 04-3406-GTV

**BOB GUYER, et al.,**

                      Defendants.


**ORDER**

    Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed under 42 U.S.C. 1983 while plaintiff was confined as a pretrial detainee in the Fred Allendbrand Criminal Justice Complex in New Century, Kansas. Plaintiff alleges the air quality at the New Century facility is inadequate for his respiratory problems and his use of a breathing machine while asleep. He seeks unspecified relief from New Century Maintenance Supervisor Bob Guyer, and from Johnson County Sheriff Lynn Myers. Plaintiff later amended his complaint to add the Johnson County Board of County Commissioners and the City of Olathe as additional defendants.

    Because plaintiff filed this action while he was a "prisoner" as defined by 28 U.S.C. 1915(h),[1] this action is subject to being

---

[1] The Prison Litigation Reform Act (PLRA), effective April 26, 1996, significantly amended 28 U.S.C. 1915 in regards to the filing of a civil action or appeal by a prisoner. A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the

summarily dismissed by the court without prejudice if plaintiff has not fully exhausted administrative remedies on his claims. 42 U.S.C. 1997e(a).  The complaint is also subject to being dismissed if the court finds the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915(e)(2)(B).  Having reviewed plaintiff's complaint as amended, the court concludes this action should be dismissed for the following reasons.

*No Full Exhaustion of Administrative Remedies*

Prisoners are required to exhaust administrative remedies prior to bringing an action in federal court concerning the conditions of their confinement.  42 U.S.C. 1997e(a).  *See* Porter v. Nussle, 534 U.S. 516, 524 (2002)("exhaustion in cases covered by section 1997e(a) is now mandatory").  Full exhaustion of available remedies is required, even it appears to be futile. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  *See* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)(courts are not to read futility or other exceptions into the statutory exhaustion requirements under 1997e(a)).  "[T]he substantive meaning of section 1997e(a) is clear: resort to a prison grievance process must precede resort to a court."  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(quotation marks and citation omitted).  The prisoner bears the burden of sufficiently

---

terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. 1915(h).

pleading exhaustion of grievance proceedings. Id. at 1209-10. "An inmate who begins the grievance process but does not complete it is barred from pursuing a section 1983 claim under [the Act] for failure to exhaust his administrative remedies." Jernigan, 304 F.3d at 1032.

By an order dated November 17, 2004, the court directed plaintiff to supplement the complaint to show full exhaustion of administrative remedies. In response, plaintiff states he fully complied with institutional grievance procedures, and provides inmate communication forms dated from August to November 2004, submitted at the New Century facility. Following plaintiff's transfer in December 2004 to the Johnson County Adult Detention Center in Olathe, Kansas, plaintiff provides inmate communication forms submitted at that facility on complaints of stagnant air and lack of heat.

The inmate communication form includes boxes to designate whether the form is submitted as a request, grievance, review, or appeal. The forms provided by plaintiff reflect only two designated as "appeals," both submitted at the New Century facility on October 23, 2004. Thus to the extent plaintiff is attempting to proceed on allegations concerning the Olathe facility, for which plaintiff demonstrates no administrative appeal, the complaint is subject to being dismissed without prejudice. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted

claims is to be dismissed).

*No Claim for Relief Stated*

To allege a valid claim under 42 U.S.C. 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). It is well established that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). The Due Process Clause in the Fourteenth Amendment entitles pretrial detainees to at least the same constitutional protection afforded convicted prisoners. <u>Barrie v. Grand County, Utah</u>, 119 F.3d 862, 867 (10th Cir. 1997).

Here, plaintiff's claims for declaratory and injunctive relief were rendered moot by his release from the New Century facility. *See* <u>Martin v. Sargent</u>, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). *See also*, <u>Cox v. Phelps Dodge Corp.</u>, 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

To the extent plaintiff seeks damages from Johnson County or the City of Olathe, or from individual defendants in their official capacity,[2] plaintiff alleges no deprivation of his

---

[2]*See* <u>Hinton v. City of Elwood</u>, 997 F.2d 774, 783 (10th Cir. 1993)(suit against a public servant in their official capacity is "simply another way of pleading an action against that entity").

4

constitutional rights pursuant to a policy or custom of the city or county.  See <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978)(stating requirements for municipal liability).

To the extent plaintiff seeks damages against the Johnson County Sheriff or the New Century Building Maintenance Supervisor, no claim for relief is stated under 42 U.S.C. 1983 absent a showing of either defendant's personal participation in the alleged misconduct.  See <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation."); <u>Jenkins v. Wood</u>, 81 F.3d 988, 994-95 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.").  Significantly, plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable simply by virtue of the defendant's supervisory position.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Nor are plaintiff's allegations of negligence in the operation of the facility sufficient to state a cognizable constitutional claim.  See <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Even if the personal participation requirement could be satisfied, the court finds no cognizable constitutional claim is stated upon which relief could be granted under 42 U.S.C. 1983. Relevant to plaintiff's allegations, the Supreme Court has found

an Eighth Amendment claim was stated by complaints of compelled exposure to environmental tobacco smoke that created a serious health hazard and put prisoners at an increased risk in the near future. Helling v. McKinney, 509 U.S. 25, 33 (1993). However, the failure to provide an environment "completely free from pollution or safety hazards" is not actionable under the Eighth Amendment. Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001). Although plaintiff repeatedly alleges that poor air quality and/or ventilation at both facilities causes him headaches, watery eyes, and increased mucous, there is nothing to indicate plaintiff ever sought treatment for these symptoms other than to request his transfer to the medical unit where he claimed the air was more filtered. No showing of a serious medical need or any deliberate indifference thereto is evident on these conclusory allegations. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Accordingly, the court directs plaintiff to show cause why the complaint as amended should not be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a), or as stating no claim for relief pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).[3] See also 42

---

[3]Plaintiff's motion for appointment of counsel is denied without prejudice. Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. See Long v. Shillinger, 927 F.2d

U.S.C. 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). The failure to file a timely response may result in this action being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed for the reasons stated by the court.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 13) is denied without prejudice.

**IT IS SO ORDERED.**

DATED: This 5th day of October 2005 at Topeka, Kansas.

                                          s/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge

---

525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).